IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES

vs.                                          NO:4:07CR00086 (4)  JMM/JFF

MICHAEL COOPER

## ORDER

Defendant Cooper has filed a Motion to Reconsider Pre-Trial Detention (DE# 302), to which the government has filed a response. In his motion the defendant states that his attorney was provided erroneous information concerning his criminal history at his initial appearance. He further asserts that his pretrial incarceration for six months is excessive and is in violation of Due Process. The government responds that nothing has changed since defendant's April, 2007 detention hearing and argues that he should remain in custody pending trial.

The court's order of detention pending trial dated April 11, 2007 (DE# 99) finds ... *that the defendant has five prior felony convictions, one of which is a drug case and another a firearms case. Crack and cocaine powder were found in the defendant's home when he was arrested. Co-defendants referenced Cooper a possessing an AK-47 assault weapon. This is a "presumption case."*

18 U.S.C. § 3142 cites two instances in which a judicial officer should reopen a detention order:

1. Where the judicial officer finds that information exists that was not known to the movant

at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. (18 U.S.C. § 3142 (f)(2)(B)).

    2. Where a determination is made that release is necessary for the preparation of the person's defense or for other compelling reason. (18 U.S.C. § 3142 (i)(4)).

Defense counsel has not set forth what he believes to be erroneous in the criminal history presented to the court in the April hearing. He may supplement this motion withing ten days is such information is believed to be compelling on the issue of detention. Nothing else in the motion can reasonably be said to embrace either instance cited above. As part of the additional basis for his motion, counsel has averred that Mr. Cooper's pre-trial detention of approximately six months violates the Due Process Clause of the Fifth Amendment. While counsel is correct that extended pre-trial detention can indeed violate due process, this defendant has not yet reached a period of detention that would sustain such an argument. See *U.S. v. El-Hage*, 213 F.3d 74 (2nd Cir. 2000); *U.S. v. Quartermaine*, 913 F.2d 910 (11th Cir. 1990).

It is also noted that trial is to commence November 5, 2007, thus ending, for better or for worse, the defendant's pre-trial confinement, approximately two weeks from the date of this order.

Defendant's Motion for Reconsideration (DE# 302) is DENIED.

IT IS SO ORDERED this 19th day of October, 2007.

UNITED STATES MAGISTRATE JUDGE