IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

vs.                              NO:4:07CR00086 (4) JMM/BD

MICHAEL COOPER                                                              DEFENDANT

## ORDER

Defendant Michael Cooper has moved for reconsideration of the Court's order detaining him pending trial. For cause, Mr. Cooper states that the Magistrate Judge who ordered him detained was under the mistaken impression that Mr. Cooper had five felony convictions when, in fact, he has but four. Mr. Cooper also raises a due process issue based on his thirteen-month pretrial detention.

In its detention order of April 11, 2007 (docket entry # 99), the Court found that Defendant had "five prior felonies, one of which is a drug case and another a firearms case." Defendant admitted at the detention hearing that he has convictions for manufacturing a controlled substance (Tr. 28); being a felon in possession of a firearm (Tr. 29); intimidating a witness (Tr. 30); and manufacture and delivery of a controlled substance (Tr. 30). In addition, Defendant admitted that there had been an order of protection filed against him (Tr. 22).

Defendant insisted at the detention hearing that he was not guilty of intimidating a witness, although he acknowledged that he had been convicted of the offense. He

testified that he dropped the appeal of the intimidation conviction in return for the prosecution's agreement to drop charges against him for something he "said . . . to the jurors." (Tr. 20-21)

This is a case in which there is a presumption that Defendant should be detained pending trial. The fact that Defendant has four, rather than five, felony convictions, does nothing to change the presumption. Certainly, owning up to four felony convictions, including a conviction for being a felon in possession of a firearm and a conviction for intimidating a witness, is not the type of evidence normally presented to rebut a presumption that a defendant should be detained.

The Court is concerned with unduly long periods of pre-trial incarceration. Due process protects pretrial detainees from excessively long detention. In this case, however, since the April 11, 2007 Order of Detention, the trial date has been continued on one occasion based on a motion filed by a co-defendant in the case (#188). Since that continuance, this Defendant has filed two motions to continue (#303, #442). Defendant has requested, and has been granted, new counsel on two occasions, resulting in delay. The case is now set for trial on August 4, 2008.

The Court will assume, for purposes of deciding this motion, that the Defendant has only four felony convictions. Based on a review of the transcript, however, the Defendant failed to rebut the presumption that he should be detained pending the trial. He has an admitted long history with illegal drugs and guns. The conviction for

intimidating a witness, together with the order of protection and the dropped charge of misconduct with a juror, weigh heavily against releasing the Defendant pending his trial.

Accordingly, the Defendant's Motion to Reconsider Detention Status is DENIED, this 16th day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE