**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                    **CASE NO. 4:07cr00086-04 JMM**

**MICHAEL COOPER**

**ORDER**

On December 9, 2008, defendant appeared and entered a guilty plea to Count 1 of the Superseding Information charging Defendant with possession with the intent to distribute more than fifty grams of cocaine base, in violation of Title 21 U.S.C. § 841.  At the conclusion of the hearing the Defendant requested that he be released from custody pending his sentencing hearing, to which the United States did not object.  At the direction of the Court, the United States Probation Office investigated the proposed residence and Defendant's criminal history.  Based on the findings by the probation office, the request to be released pending sentencing is denied.

The Bail Reform Act of 1994, mandates detention for persons found guilty of crimes encompassed in §  3142(f)(1)(A), (B), and (C) which are, respectively, crimes of violence, offenses with maximum sentences of life in prison or death, and drug offenses carrying maximum sentences of ten or more years.  *See* 18 U.S.C. § 3143(a)(2).  By statute, defendant's sentence must not be less than 10 years and not more than Life.  *See* 841(b)(1)(A)(iii).

A person subject to mandatory detention pursuant to § 3143(a)(2) who meets the

conditions of release set forth in § 3143(a)(2)(A), however, may be ordered released, under appropriate conditions, by the judicial officer, "if the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." See 18 U.S.C. § 3143(a)(2)(B).

Defendant has an extensive criminal history which includes convictions involving drug charges, intimidating a witness, failure to appear and other convictions. Although, Defendant's sister would allow Defendant to reside in her house, she is not home during the day and would not be able to supervise Defendant during this time. The Court finds that the defendant has not met the requirements set forth in § 3143(a)(2)(A) and the Court cannot find by clear and convincing evidence that the Defendant is not likely to flee or pose a danger to the community.

For these reasons, defendant's request for release is denied.

IT IS SO ORDERED THIS 17th day of December, 2008.

James M. Moody
United States District Judge