IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHAEL DARNELL COOPER                                    PETITIONER

V.                              4:07CR00086-04
                                4:11CV000189

UNITED STATES OF AMERICA                                  RESPONDENT

## ORDER

On April 4, 2007, Petitioner was indicted in Counts 1 and 33 of a 59 Count Indictment. Count 1 charged Mr. Cooper with conspiracy to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base, violations of 21 U.S.C. §§ 841 and 846. Count 33 charged the defendant with using a communication facility to commit a drug felony, a violation of 21 U.S.C. § 843(b). The indictment included charges of drug distribution and use of a communication facility against a total of 31 defendants.

On December 9, 2008, Mr. Cooper appeared with his attorney, Lea Ellen Fowler, before the court. Pursuant to a written plea agreement, Mr. Cooper waived indictment and pled guilty to a one-count superseding information charging him with possession with intent to distribute more than 50 grams of cocaine base, a violation 21 U.S.C. § 841. The indictment was dismissed upon motion of the Assistant U.S. Attorney. The parties stipulated to: a base offense level of 32 and at least 150 grams, but less than 500 grams of cocaine base. On June 22, 2009, the Petitioner appeared for sentencing, the court determined that Petitioner was a career offender under U.S.S.G. § 4B1.1, based in part on a previous Arkansas felony conviction for intimidating a witness. The court imposed a sentence of 240 months imprisonment, five years supervised release, and a $100 special assessment. Judgment was entered on June 24, 2009.

On June 26, 2009, the Petitioner filed a timely notice of appeal alleging that (1) his prior conviction for intimidating a witness was not a crime of violence, and (2) the imposed sentence was unreasonable. His counsel moved to withdraw and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Petitioner filed a *pro se* supplemental brief and requested appointment of new counsel. In his brief, Petitioner asserted that his counsel was ineffective and that he did not receive the amended PSR until 30 minutes prior to the sentencing hearing. On March 24, 2010, the Court of Appeals for the Eighth Circuit granted counsel's motion to withdraw, denied the Petitioner's motion to appoint new counsel, and affirmed the judgment of the district court. *United States v. Cooper*, 368 Fed.Appx. 696 (8th Cir. 2010). The Eighth Circuit concluded that this court properly determined that the Petitioner's witness-intimidation conviction was a crime of violence and that the imposed sentence was not unreasonable. As to Petitioner's *pro se* arguments, the Court found that any error arising from the Petitioner's receipt of the revised PSR 30 minutes prior to sentencing was waived or harmless because he did not request a continuance or show prejudice. Because ineffective assistance of counsel claims are best litigated in a 28 U.S.C. § 2255 proceeding, the Court declined to consider the Petitioner's ineffective assistance of counsel claim on direct appeal.

On February 25, 2011, the Petitioner filed this *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Petitioner alleges (1) that the district court violated his Fifth and Fourteenth Amendment Right to due process when he was presented his amended PSR only 30 minutes prior to sentencing; (2) the district court erred in determining that he was a career offender and (3) his counsel was ineffective for failing to object to the amended PSR and for abandoning him in his appeal process.

Petitioner's first and second arguments were raised on direct appeal. Issues raised and addressed on direct appeal cannot be re-litigated herein. *See United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001), *cert. denied*, 534 U.S. 1083 (2002)("Issues raised and decided on direct appeal cannot ordinarily be re-litigated in a collateral proceeding based on 28 U.S.C. § 2255."). An exception exists "only when petitioners have produced convincing new evidence of actual innocence." *Id*. Petitioner has presented no evidence of actual innocence. Accordingly, Petitioner may not re-litigate those issues addressed on direct appeal.

To prove a claim of ineffective assistance of counsel, Petitioner must show both that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *See, Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). "Where the conviction was entered on the basis of a guilty plea, the second part of the test is slightly modified. In the guilty plea context, the convicted defendant must demonstrate that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Matthews v. United States,* 114 F.3d 112, 114 (8th Cir. 1997).

Petitioner claims that his counsel was ineffective (1) by failing to object or request a continuance when the government presented the Petitioner with his PSR only 30 minutes prior to sentencing; (2) by failing to contest parts of the PSR that claimed that Petitioner's witness-intimidation conviction was a crime of violence and (3) by abandoning Petitioner during his appeal process.

A review of the sentencing transcript reveals that Petitioner's counsel did object to the revised presentence report. Specifically, she objected to the fact that the original presentence

report was sent to the Assistant United States Attorney and to the defense, it was reviewed by both and by the Petitioner, and no objections were noted.  Petitioner's counsel objected to the *sua sponte* revision of the presentence report finding the Petitioner to be a career offender.  Additionally, Petitioner's counsel specifically objected to the finding that Petitioner's conviction for intimidating a witness was a crime of violence and that Petitioner was a career offender.   The Court heard the arguments of counsel and overruled the objections.  Any further objections would have also been overruled.  Petitioner has failed to show that his counsel was deficient and has failed to demonstrate prejudice as he was properly classified as a career offender.

Petitioner has also failed to demonstrate prejudice for his counsel's alleged failure to argue on his behalf during appeal.  Petitioner's counsel moved to withdraw and filed a brief with the Eighth Circuit Court of Appeals pursuant to *Anders v. State of California*, 386 U.S. 738 (1967) questioning whether the witness-intimidation conviction was a crime of violence under U.S.S.G. § 4B1.2(a) and whether Petitioner's sentence was reasonable.  The Petitioner responded with a *pro se* supplemental brief and requested appointment of new counsel.  The Eighth Circuit Court of Appeals reviewed the record and found no non-frivolous appealable issue.  Petitioner cannot under these circumstances demonstrate that he would have received a more favorable result on appeal had his counsel argued on his behalf.

Further, the Court finds that the government did not breach the plea agreement by supporting the career offender recommendation because the plea agreement was silent as to Chapter Four adjustments.  *See, Unites States v. Bailey*, 677 F. 3d 816 (8th Cir. 2012);  *United States v. Parker*, 512 F.3d 1037, 1039 (8th Cir.2008); *United States v. Leach*, 491 F.3d 858, 865

(8th Cir.), *cert. denied*, 552 U.S. 1053, 128 S.Ct. 682, 169 L.Ed.2d 534 (2007). Further, Petitioner was aware that he might be sentenced as a career offender when he entered his guilty plea. During the plea colloquy the Court specifically informed the Petitioner that he could be classified as a career offender and Petitioner responded that he was aware of that possible consequence.

The Court concludes that an evidentiary hearing is not required in this matter. The record conclusively shows that Petitioner is not entitled to the relief he seeks. *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

For the reasons stated above, petitioner's motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (docket #790), is denied.

IT IS SO ORDERED this 16th day of July, 2012.

_____
James M. Moody
United States District Judge